## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OCCIDENTAL HOTELES MANAGEMENT, S.L., f/k/a OCCIDENTAL HOTELES MANAGEMENT, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> HARGRAVE ARTS, LLC and CARTER HARGRAVE, <br><br> Defendants. | Case No. 09-CV-526-GKF-PJC |

### OPINION AND ORDER

This matter comes before the court on the plaintiff's Motion to Dismiss Defendants' Counterclaims [Dkt. # 57].

The court will "assume the truth of the [claimant's] well-pleaded factual allegations and view them in the light most favorable to the [claimant]." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). In making this determination, the Court considers "whether the [counterclaim] contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974 (2007)). "[A] [counterclaimant] must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. 544, 127 S.Ct. at 1974). This means "the mere metaphysical possibility that *some* [claimant] could prove *some* set of facts in support of the pleaded claims is insufficient; the [counterclaim] must give the court reason to believe that *this* [claimant] has a reasonable likelihood of mustering factual support for *these* claims." *Id.* In ruling on the plaintiff's motion to dismiss, this court does not consider the exhibits and evidentiary materials appended to

the briefs, and therefore does not convert the motion to one for summary judgment on defendants' counterclaims.

Plaintiff Occidental Hoteles Management, S.L. ("Occidental") is a corporation organized under the laws of Spain with its principal place of business located in Madrid. Defendant Carter Hargrave is a resident of Tulsa, Oklahoma, and is the owner and principal member of Hargrave Arts, LLC, which has its principal place of business in Tulsa, Oklahoma.

Occidental filed this case on April 16, 2008, in the United States District Court for the Northern District of Illinois. On August 8, 2008, Hargrave moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to Oklahoma. On August 17, 2009, the case was transferred to this Court. On October 12, 2009, Occidental filed a First Amended Complaint. Hargrave filed his Answer and Counterclaim on November 2, 2009.

Occidental brings claims against Hargrave for use of a trade name in violation of the Lanham Act, 15 U.S.C. § 1125(d); for unfair competition under the Lanham Act, 15 U.S.C. §1125(a); for trademark dilution under the Lanham Act, 15 U.S.C. §1125(c); for unfair or deceptive trade practices under Oklahoma's Consumer Protection Act, OKLA. STAT. tit. 15, § 753; and for a deceptive trade practice under Oklahoma's Deceptive Trade Practices Act, OKLA. STAT. tit. 15, § 53.

Hargrave brings three claims for relief in his counterclaim against Occidental:

1. <u>Breach of Contract</u>. Hargave claims he requested a king-size bed in a nonsmoking room at one of Occidental's resorts in Mexico and that Occidental promised it would honor his request. Hargrave alleged he arrived at the Mexican hotel on October 6, 2006, and was placed in room with two twin beds in a smoking section of the hotel.

2. <u>Fraud</u>. Hargrave alleges that, after he returned to Oklahoma after his vacation, he filed complaints with the Better Business Bureau and the Florida Attorney General's Office, and that "Occidental through its Vice President intentionally misrepresented to the Better Business Bureau and to the Florida Attorney General's Office that Occidental was not the same company that Hargrave had made a complaint about."

3. <u>Intentional Infliction of Emotional Distress</u>. Hargrave alleges that Occidental knew or should have known that its misrepresentations and concealment concerning the type of room they had agreed to "would and has caused Hargrave stress, outrage, sleeplessness, confusion, and general emotional distress and discomfort."

## I. Counterclaims not Compulsory

Occidental contends that all three claims for relief are barred by the applicable statutes of limitations. Neither party has addressed whether the rule tolling statutes of limitations governing compulsory counterclaims applies. In *Hartford v. Gibbons & Reed Co.*, 617 F.2d 567, 570 (10th Cir. 1980), the Tenth Circuit adopted the majority rule that, "where a plaintiff institutes an action in a timely manner, the running of the statute of limitation governing the compulsory counterclaim is tolled, provided the counterclaim was not time-barred at the commencement of the plaintiff's action." This Court must therefore consider *sua sponte* whether Hargarave's counterclaims are compulsory.

A counterclaim that arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim is compulsory and falls under Fed. R. Civ. P. 13(a). Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1409. A counterclaim that has its roots in a separate transaction or occurrence is permissive and is governed by Rule 13(b). *Id.*

Occidental's claims arise out of Hargrave's alleged use of a trade name claimed by Occidental on three websites: www.occidentalhotels.net, www.occidentalhotels.us, and www.occidentalresorts.net. Occidental alleges in its First Amended Complaint that Hargrave warned Occidental of his intention to obtain the first internet domain name on February 10, 2007, some four (4) months following Hargrave's stay at the hotel in Mexico. Upon review of the claims and counterclaims, this Court concludes that Hargrave's counterclaims do not arise out of the occurrences that are the subject matter of Occidental's claims. The claims and counterclaims are separate and distinct. Occidental's claims concern alleged Lanham Act violations committed by Hargrave in using the "Occidental Hotels and Resorts" "mark" on the three websites. Hargrave's counterclaims concern Occidental's alleged failure to provide certain accommodations during his stay on the Mayan Riviera. Therefore, the counterclaims are not compulsory, and the majority rule adopted by the Tenth Circuit does not apply in this case.

## II.     The Counterclaim for Breach of Contract

Occidental contends it never entered into an express written contract with Hargrave. If that is true, Oklahoma's five (5) years statute of limitations for actions upon written contracts would not apply. The argument is premature, however, as Hargrave alleges that Occidental's promise is memorialized in e-mails, among other writings. The motion to dismiss, assessed on the basis of the pleadings, must be denied with regard to the counterclaim for breach of contract.

**III.     The Counterclaim for Fraud**

This court need not address Occidental's argument that the fraud counterclaim is barred by the statute of limitations (or Hargrave's arguments of estoppel and equitable tolling thereof), because Hargrave's fraud counterclaim must be dismissed for failure to state a claim upon which relief can be granted. In Oklahoma, the elements of actionable fraud are: (1) That defendant made a material representation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *State ex rel. Southwestern Bell Tel. Co. v. Brown,* 519 P.2d 491, 495 (Okla.1974). Hargrave alleges that Occidental's Vice President misrepresented to the Better Business Bureau and to the Florida Attorney General's Office that plaintiff "was not the same company that Hargrave had made a complaint about." The alleged misrepresentation came *after* Hargrave's vacation to Mexico, and Hargrave does not allege he acted in reliance on it. The alleged misrepresentation cannot be the basis for a fraud counterclaim because reliance is not alleged and cannot be demonstrated.

**IV.     The Counterclaim for Intentional Infliction of Emotional Distress**

In his third counterclaim, Hargrave asserts that Occidental's misrepresentations and concealment concerning the type of room he requested caused him "stress, outrage, sleeplessness, confusion, and general emotional distress and discomfort." In order to recover on a claim for intentional infliction of emotional distress, a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress

was severe. *Computer Publications, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002); *Warren v. United States Specialty Sports Ass'n*, 138 P.3d 580, (Okla. Civ. App. 2006).[1] Liability for the tort has only been found where the offending conduct "has so totally and completely exceeded the bounds of acceptable social interaction that the law must provide redress." *Miller v. Miller*, 956 P.2d 887, 901 (Okla. 1998).

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id.* (quoting Restatement (Second) of Torts § 46 cmt. d). The conduct alleged in this case falls far short of the level of "outrageous" conduct necessary to support a counterclaim for intentional infliction of emotional distress. The court concludes that the motion to dismiss should be granted as to this counterclaim, as the defendant has "failed to 'nudge[] [his counterclaim] across the line from conceivable to plausible.'" *Red Hawk*, 493 F.3d at 1178 (quoting *Twombly,* 550 U.S. 544, 127 S.Ct. at 1974).

---

[1] Opinions, such as *Warren*, which bear the notation "Released for Publication by Order of the Court of Civil Appeals of Oklahoma," are considered to have persuasive effect, and are not accorded precedential value. Oklahoma Supreme Court Rule 1.200(c)(2).

WHEREFORE, for the reasons set forth above, plaintiff's Motion to Dismiss Defendant's Counterclaims [Dkt. # 57] is granted in part and denied in part.

IT IS SO ORDERED this 6th day of April, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma