**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OCCIDENTAL HOTELES MANAGEMENT, | ) | |
| S.L., f/k/a OCCIDENTAL HOTELES | ) | |
| MANAGEMENT, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-CV-526-GKF-PJC |
| vs. | ) | |
| | ) | |
| HARGRAVE ARTS, LLC and CARTER | ) | |
| HARGRAVE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court on the plaintiff's Motion to Strike Defendants' Affirmative Defenses [Dkt. No. 58].

Plaintiff Occidental Hoteles Management, S.L. ("Occidental") brings claims against defendants Hargrave Arts, LLC and Carter Hargrave (collectively, "Hargrave") for: (1) bad faith intent to profit from the use of a domain name in violation of the Lanham Act, 15 U.S.C. § 1125(d); (2) use of a trade name in a way likely to cause confusion, mistake or deception in violation of the Lanham Act, 15 U.S.C. §1125(a); (3) trademark dilution in violation of the Lanham Act, 15 U.S.C. §1125(c); unfair or deceptive trade practices in violation of Oklahoma's Consumer Protection Act, OKLA. STAT. tit. 15, § 753; and for a deceptive trade practice in violation of Oklahoma's Deceptive Trade Practices Act, OKLA. STAT. tit. 15, § 53.

Hargrave raises five (5) affirmative defenses:

1. Arbitration and Award. On April 11, 2007, Occidental Hoteles Management, S.A. and Corcital II, S.A. submitted a Complaint to the National Arbitration Forum against Hargrave Arts, LLC. Occidental brought the Complaint as a domain name dispute pursuant to the terms and

conditions of the Uniform Domain Name Dispute Resolution Policy ("UDRP"), to which Hargrave Arts, LLC had agreed to be bound.  The particular domain name at issue in the arbitration was <occidentalhotels.net>.  The arbitrator rendered his decision on May 21, 2007, finding that Occidental had "not demonstrated by sufficient evidence that it has rights in the OCCIDENTAL mark according to Policy ¶ 4(a)(1)".[1]   The arbitrator therefore denied without prejudice the relief Occidental had requested – that the domain name be transferred from Hargrave Arts, LLC to Occidental.

2.  Laches, Waiver, and Estoppel.  Hargrave asserts that the Occidental mark has been used by numerous hotels and other entities for years, but that the plaintiff did nothing for years to enforce its claimed rights and ownership.

3.  Lack of Ownership Interest.  Hargrave alleges Occidental does not own "the works claimed by Plaintiff."

4.  Tea Rose-Rectanus Doctrine.  Citing *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 36 S.Ct. 357 (1916), and *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 39 S.Ct. 48 (1918), Hargrave argues that all of Occidental's claims are barred by the Tea Rose-Rectanus Doctrine.

5.  Reservation of Affirmative Defenses Not Yet Known.  Defendants claim to reserve to themselves "the right to assert additional affirmative defenses in the event discovery indicates that the same is appropriate."

---

[1]Paragraph 4(a)(i) of the UDRP adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") provides that the complainant in an administrative proceeding must prove that the "domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights."

Occidental contends the court can dispense of Hargrave's affirmative defenses as a matter of law.  Hargrave responds that the court should allow defendants to proceed with discovery before the court considers striking any affirmative defense.

Motions to strike are not favored and are strictly construed.  *Gilbreath v. Phillips Petroleum Co.*, 526 F.Supp. 657, 659 (W.D. Okla. 1980); *U.S. v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987).  Any doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading.  *Gilbreath*, 526 F.Supp. at 659.  A motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits.  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE Civil 3d § 1381.

## I.     Arbitration and Award

Occidental promotes and markets its hotels and resorts using two Internet web sites: www.occidental-hoteles.com and www.occidentalhotels.com. Occidental's claims in this lawsuit arise out of Hargrave's use of the name "Occidental Hotels and Resorts" on three other websites: www.occidentalhotels.net, www.occidentalhotels.us, and www.occidentalresorts.net.

Hargrave asserts that "each and every claim alleged by Plaintiff in Plaintiff's Complaint is barred by the [decision of the National Arbitration Forum on the UDRP complaint]."  However, the law does not support Hargrave's position, because "no provision of the [UDRP] prevents a party from filing suit before, after or during the administrative proceedings."  *Dluhos v. Strasberg*, 321 F.3d 365, 371 (3rd Cir. 2003) (citing UDRP § 4(k), which provides that the mandatory administrative proceeding requirements "shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such

mandatory administrative proceeding is commenced or after such proceeding is concluded"); *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 27 (1st Cir. 2001) (noting that the UDRP clearly contemplates judicial intervention and that the judicial outcome will override the UDRP outcome); *Weber-Stephen Prods. Co. v. Armitage Hardware & Bldg. Supply, Inc.,* 2000 WL 562470 at *1-2 (N.D. Ill.) (concluding that "the ICANN Policy and its accompanying rules do contemplate the possibility of parallel proceedings in federal court" and that federal courts are "not bound by the outcome of the ICANN administrative proceedings").

In addition to the controlling law, the arbitrator's decision itself supports a conclusion that the arbitration does not bar Occidental's claims.  First, the arbitrator's decision explicitly stated that it was "without prejudice in the event Complainant wishes to refile the Complaint."  Second, the arbitration did not involve Carter Hargrave, who is a party to this action.  Third, the arbitration did not involve two of the three web sites which are subjects of the federal complaint.

Both the applicable law and the arbitrator's decision lead this court to conclude that the previous decision does not and cannot bar Occidental's claims in this action.  The motion to strike Hargrave's first affirmative defense is granted.  This ruling does not address whether the arbitrator's ruling may be used in evidence or, if so, the weight, if any, it should be given.

## II.    Laches, Waiver and Estoppel

Ordinarily, for laches to be applicable to a claim, the claim must be cognizable in equity rather than at law.  *Sun Oil Co. v. Fleming*, 469 F.2d 211, 213 (10th Cir. 1972); *Roybal v. City of Albuquerque,* 2009 WL 1300048 at *6 (D.N.M); *B & M Intern. Trading v. Woodie Ayers Chev.*, 765 P.2d 782, 783 (Okla. 1988).  Each of Occidental's five claims are at law, however laches may be applicable to Occidental's three claims under the Lanham Act for injunctive relief, damages and

4

fees. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 835 (9th Cir. 2002); *Ediciones Quiroga, S.L. v. Fall River Music, Inc.,* 1995 WL 103842 at *5 (S.D.N.Y. 1995); 6 McCarthy on Trademarks and Unfair Competition § 31:1.

Occidental contends the doctrine of laches is inapplicable because it did not sleep on its rights and because "[t]he person or persons who invoke such defense must have suffered some irreparable damage or loss because of a change of conditions in relying on the inaction and indifference of the other party. *Phelan v. Roberts*, 77 P.2d 9, 10 (Okla. 1938). Both arguments raise issues of fact not properly decided in a motion to strike.

The affirmative defense of waiver raises issues of fact, and the insufficiency of the defense is not clearly apparent. The motion to strike the defense is denied.

Although this court doubts that the affirmative defense of estoppel may be applicable here, the court resolves its present doubt, as it must, in favor of the pleading. The motion to strike this defense is also denied.

## III.    Lack of Ownership Interest

Hargrave's affirmative defense of "lack of ownership interest" refers to "works as to which Plaintiff asserts *copyright* interests . . ." [emphasis added]. In response, Occidental seeks to strike the affirmative defense because Occidental asserts *trademark*, not copyright, interests in its First Amended Complaint.

Occidental has identified what appears to be a mistake/scrivener's error in the affirmative defense. The essence of the argument contained in Hargrave's pleadings and response brief is that Occidental does not own the trademark in which it asserts an interest. This court therefore reads the affirmative defense as challenging Occidental's rights and interest in the alleged trademark

5

identified in the First Amended Complaint.  The court notes *sua sponte* that the issue of whether Occidental has rights in the trademark is not likely to be the subject of an affirmative defense as to which Hargrave has the burden of proof – rather, it is likely to be an element Occidental must prove in connection with its claims.  At this point in the proceedings, the claimed affirmative defense raises factual issues that cannot be resolved by a motion to strike, which must be denied.

## IV.     Tea Rose-Rectanus Doctrine

The Tea Rose-Rectanus Doctrine is a common law doctrine of trademark law articulated by the Supreme Court in *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 36 S.Ct. 357 (1916).  The doctrine allows the acquisition of concurrent rights by users in separate markets wholly remote from each other if the subsequent user adopted the trademark without knowledge of prior use, unless the subsequent user appropriated the mark with a purpose inimical to the interests of the first user, "such as . . . to forestall the extension of his trade, or the like." *Id.*, 240 U.S. at 415; 36 S.Ct. at 361; *Coach House Restaurant v. Coach and Six Restaurants,* 934 F.2d 1551, 1565 (11th Cir. 1991).  The doctrine is inapplicable in cases where the trademark is federally registered, because the Lanham Act altered the common law by providing that registration of a mark shall be constructive notice of the registrant's claim of ownership thereof.  *See* 15 U.S.C. § 1072; *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 199-200, 105 S.Ct 658, 664 (1985); *Bob's Discount Furniture, Inc. v. Bob's Discount Off-Price Superstores*, 353 F.Supp.2d 118, 125 (D. Maine 2005);

The arbitrator's decision states that Occidental's trademark registration was cancelled on July 3, 2000, and that Occidental's claim before the arbitrator was premised on its alleged common law rights in the mark.  Assuming that Occidental's claim before this court is again based upon its alleged common law rights, the Tea Rose-Rectanus Doctrine may be invoked if geographical

6

remoteness is proved, and if Hargrave's use is in good faith. *GTE Corp. v. Williams,* 904 F.2d 536, 541-2 (10th Cir. 1990); *Coach House Restaurant*, 934 F.2d at 1565. Occidental argues that Hargrave cannot meet that burden, because: (1) geographic remoteness is absent in a case involving use of an alleged mark on the internet; (2) Hargrave's use of the alleged trademark was with complete knowledge of Occidental's use of the mark; and (3) Hargrave's use of the mark was inimical to the interests of the first user, Occidental.

The issues of "good faith" and "remoteness" are both issues of fact as to which Hargrave bears the burden of proof. *GTE Corp.,* 904 F.2d at 541, *Coach House*, 904 F.2d at 1565. Those factual issues are not properly addressed in a motion to strike an affirmative defense. The motion to strike must therefore be denied with regard to the Tea Rose-Rectanus defense.

## V.   Reservation of Right to Assert Affirmative Defenses Not Yet Known

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the process by which pleadings may be amended at this stage of the proceedings. The rule permits amendment only with the opposing party's written consent or the court's leave. The rule states that if a party moves to amend, the court "should freely give leave when justice so requires." The rule establishes the sole method for the assertion of additional affirmative defenses, and a defendant may not reserve unto itself the "right" to assert affirmative defenses not yet known. Hargrave's fifth affirmative defense is stricken.

WHEREFORE, for the reasons set forth above, plaintiff's Motion to Strike Defendant's Affirmative Defenses [Dkt. No. 58] is granted in part and denied in part.

IT IS SO ORDERED this 8th day of April 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma